UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH COBB,

        Plaintiff,                         Case No.  1:06-CV-773

v.                                                Hon. Robert J. Jonker

MARY K. BERGHUIS et al.,

        Defendants.

_____/

**<u>ORDER</u>**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 27) filed on August 20, 2007.  Plaintiff filed his Objection to the Report and Recommendation (docket # 34) on September 20, 2007.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify

>     the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

Plaintiff makes two objections. He first argues that he filed and properly exhausted two grievances in February, 2005. He next argues that his April 18, 2005, grievance was properly exhausted because even though it was rejected as untimely at step I of the grievance process, it was ultimately considered on its merits at step III of the grievance process. Plaintiff's arguments are without merit.

Plaintiff argues that his February 14 and 16, 2005, grievances were properly exhausted. Defendants have no record of those grievances. The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust administrative remedies before bringing a claim under § 1983. 42 U.S.C. § 1997e(a) (2000). Under the Michigan Department of Corrections's (MDOC's) Policy Directive 03.02.130, which provides the procedures and remedies available to prisoners in MDOC custody, if an inmate does not receive a timely response to his step I grievance filing, he may appeal to step II by filing the appropriate

2

form. After receiving no response to his allegedly filed February 14 and 16 grievances, Plaintiff failed to timely appeal to step II as allowed by Directive 03.02.130. He therefore did not exhaust the administrative remedies available to him, and, as explained in the Report and Recommendation, Defendants are entitled to summary judgment with respect to these two grievances.

Plaintiff also argues that his April 18, 2005, grievance was properly exhausted. Plaintiff's step I grievance was addressed on its merits and rejected for untimeliness. Plaintiff timely appealed to step II, where his grievance was rejected in part on its merits and in part because it was untimely at step I. Plaintiff then timely appealed to step III, where the step I and step II responses were upheld and the grievance was rejected on its merits. By expressly upholding the step I and step II responses, the MDOC effectively incorporated and approved the earlier rejection of Plaintiff's grievance as untimely and then went on to reject the grievance on the merits as an alternate and independent basis for rejection. To avoid any possible confusion, the MDOC could have expressly reiterated in its step III response the original untimeliness decision. This would have been clearer. Even so, the Court is satisfied, after its de novo review, that Plaintiff's April 18, 2005, grievance was actually rejected both on its merits and for untimeliness because there is no other way to give meaning to the MDOC's statement in its step III response that "[t]he step I and II responses are upheld." Accordingly, as explained in the Report and Recommendation, Defendants are entitled to summary judgment with respect to this grievance.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed August 20, 2007, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment is GRANTED.  Judgment will enter in favor of Defendants dismissing Plaintiff's claims without prejudice.


Dated:   December 21, 2007           /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE